IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL ANGEL, | CASE NO. CV F 10-CV-890 LJO DLB |
| Plaintiff, | **ORDER ON DEFENDANT'S MOTION TO STRIKE** (Doc. 19) |
| vs. | |
| GOLDEN VALLEY TRANSPORT, LLC., | |
| Defendant. / | |

**INTRODUCTION**

Defendant Golden Valley Transport, LLC ("GVT") moves to strike portions of plaintiff Darrell Angel's ("Mr. Angel's") eighth cause of action pursuant to Fed. R. Civ. P. 12(f). GVT argues that the California Supreme Court case of *Pineda v. Bank of America*, 50 Cal. 4th 1289 (2010) precludes the recovery of Cal. Labor Code section 203 penalties under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code section 17200 et seq. Mr. Angel filed a statement of non-opposition to strike the sections of the complaint in which he seeks penalties, but opposed striking any portions related to injunctive relief. This Court notes that Fed. R. Civ. P. 12(f) is an improper vehicle to pursue the type of relief sought by GVT in this motion. In the interest of judicial economy, and because this motion is unopposed, this Court construes GVT's motion as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, this Court GRANTS GVT's unopposed motion, and DISMISSES certain portions of Mr. Angel's eighth cause of action related to penalties.

**BACKGROUND**

GVT provides interstate and intrastate transportation services. Mr. Angel was employed by GVT from September through December 2009 as an interstate driver. On behalf of himself and others similarly situated, Mr. Angel alleges that GVT violated various sections of the California Labor Code, by, *inter alia*, failing to pay minimum wages and failing to provide mandatory meal and rest periods.

Mr. Angel initiated this action against GVT on May 14, 2010. In his eighth cause of action, Mr. Angel alleges that GVT violated California's UC based on several alleged violations of the California Labor Code, including California Labor Code section 203. Through his UCL cause of action, Mr. Angel seeks to recover, *inter alia*, penalties allowed pursuant to Cal. Labor Code section 203.

After this action was initiated, on November 18, 2010, the California Supreme Court issued its opinion in *Pineda v. Bank of America*, 50 Cal. 4th 1389 (2010) ("*Pineda*"). In *Pineda*, the Court ruled that a private plaintiff's remedies for a UCL claim are "generally limited to injunctive relief and restitution," and that "section 203 penalties are not recoverable as restitution." *Id*. at 1401. Based on this holding, GVT contends that the following portions of Mr. Angel's eighth cause of action must be dismissed:

1. Paragraph 89: "...and the penalties pursuant to Business and Professions Code section 17202": and

2. Paragraph 92: "As a direct and proximate result of the unfair practices of GVT, Plaintiff, individually and on behalf of Class members, is entitled to enforcement of the penalties in accordance with California Business and Professions Code section 17202 as a result of the business acts and practices described herein and enjoining GVT to cease and desist from engaging in the practices described herein...".

In his response, Mr. Angel concedes that after reviewing Pineda, GVT "appears correct in its position[.]" Mr. Angel does not oppose the motion to extend that only those portions related to penalties are stricken. Mr. Angel requests that language in paragraph 92 seeking injunctive relief remains intact.

Having considered the parties arguments, this Court finds this motion suitable for a decision without a hearing or further briefing. The January 31, 2011 hearing on this motion is VACATED pursuant to Local Rule 280(g), and the Court issues the following order.

## DISCUSSION

### Fed. R. Civ. P. 12(f)

GVT styled this motion as a Fed. R. Civ. P. 12(f) motion to strike. Based on the recent decision of *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970 (9th Cir. 2010), however, Fed. R. Civ. P. 12(f) cannot be used to strike substantive requests for relief. In *Whittlestone*, the Ninth Circuit made clear that Fed. R. Civ. P. "12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." *Id*. at 974-95. Rather, a party must moved to dismiss these claims pursuant to Fed. R. Civ. P. 12(b)(6). *Id*. at 976. For this reason, this Court could deny GVT's improperly-raised motion. *Id*. In the interest of judicial economy, however, and because this motion is unopposed, this Court will address GVT's requested relief under F.R.Civ.P. 12(b)(6) standards.

### Fed. R. Civ. P. 12(b)(6) Motion To Dismiss Standards

A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the pleadings set forth in the complaint. A Fed. R. Civ. P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations of the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008).

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557). A court is "free to ignore legal conclusions, unsupported conclusions,

unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th Cir.2003) (citation omitted). "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.2d 962, 969 (9th Cir.2009).

### Discussion

A Fed. R. Civ. P. 12(b)(6) dismissal is proper where there is a "lack of a cognizable legal theory" upon which to base Mr. Angel's claim for relief. *Balisteri*, 901 F.2d at 699. As set forth above, *Pineda* makes clear that Mr. Angel may not recover California Labor Code section 203 penalties as restitution through a UCL cause of action. Because this requested relief is precluded as a matter of law, this Court DISMISSES Mr. Angel's request for penalties in his eighth cause of action. This dismissal is limited to the request for penalties, and does not include Mr. Angel's request for injunctive relief.

### CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. DISMISSES the following language from the complaint:
   a. Paragraph 89: "...and the penalties pursuant to Business and Professions Code section 17202": and
   b. Paragraph 92: "As a direct and proximate result of the unfair practices of GVT, Plaintiff, individually and on behalf of Class members, is entitled to enforcement of the penalties in accordance with California Business and Professions Code section 17202 as a result of the business acts and practices described herein and enjoining GVT to cease and desist from engaging in the practices described herein."; and
2. VACATES the January 31, 2011 hearing on this motion.

Dated: January 20, 2011           /s/ Lawrence J. O'Neill
                                  U.S. District Court Judge